UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| W.Y. INDUSTRIES, INC., <br><br>  Plaintiff, <br><br> v. <br><br> KARI-OUT CLUB LLC, f/k/a KARI-OUT KLUB LLC, d/b/a KARI-OUT COMPANY, PERK-UP, INC., TRIPAK INDUSTRIAL USA LLC, JOHN DOES NUMBER 1-10, ABC COMPANIES NUMBER 1-10, <br><br>  Defendants. | Civil Action No. 08-5349 (SDW)(MCA) <br><br> **OPINION (Markman Hearing)** <br><br> August 25, 2011 |

**WIGENTON**, District Judge.

Before the Court is Plaintiff W.Y. Industries, Inc.'s, ("Plaintiff" or "W.Y.") request for a patent claim construction pursuant to Local Patent Rule 4.5. Plaintiff sought the Court's interpretation of disputed terms in U.S. D469689 S, "Rectangular Stackable Container" ("the '689 Patent"). A Markman Hearing was held on July 13, 2011. Having considered the parties' written submissions and oral arguments, the Court sets forth its construction of the disputed terms below.

**FACTUAL BACKGROUND**

On October 30, 2008, W.Y. filed suit against Kari-Out Club LLC, ("Kari-Out"), 52 Green Pond Road LLC, 1460 Chestnut Associates LLC,[1] Perk-Up, Inc. ("Perk-Up"), and Tripak Industrial USA LLC ("Tripak") (collectively "Defendants"). On December 9, 2008, W.Y. filed an Amended Complaint ("Am. Compl.") alleging that it is the holder of the '689 Patent and that

---

[1] 52 Green Pond Road LLC and 1460 Chestnut Associates were terminated from this action on December 12, 2008.

1

"rectangular stackable containers which infringe the '689 Patent are offered for sale" on the www.kariout.com website ("the website") and that Kari-Out Company is identified as the entity in control of the website. (Am. Compl. ¶¶ 10-11.) Plaintiff further alleged that Kari-Out owns and operates the website, and it also "manufactures and/or distributes infringing rectangular stackable containers from one or more locations in New Jersey." (Id. ¶ 12.) W.Y. also asserted that Perk-Up, which is doing business as Kari-Out, owns and/or operates the website, and also manufactures and/or distributes rectangular stackable containers which infringe the '689 Patent. (Id. ¶ 13.) According to Plaintiff, Defendants "willfully and deliberately infringed" on its patent and continue to do so even though they have knowledge of its patent rights with the '689 Patent. (Id. ¶¶ 29-30.)

Consequently, W.Y. alleged that Defendants' conduct constitutes patent infringement (First Count) and willful patent infringement (Second Count). (Id. ¶¶ 19-27, 28-30.)

**LEGAL STANDARD FOR CLAIM CONSTRUCTION**

In a patent infringement case, the court must decide the issue of claim construction as a matter of law. Markman v. Westview Instruments, Inc., 52 F.3d 967, 977 (Fed. Cir. 1995), aff'd, 517 U.S. 370 (1996). There are two steps in a patent infringement analysis. Tate Access Floors, Inc. v. Interface Architectural Res., Inc., 279 F.3d 1357, 1365 (Fed. Cir. 2002). The first step is to define the meanings of the claims of the patent. Markman, 52 F.3d at 976. Thereafter, the court must compare the claim as construed with the alleged infringing product. Tate, 279 F.3d at 1365. Here, this Court will only undertake the first step of the infringement analysis.

**DISCUSSION**

In <u>Crocs, Inc. v. ITC</u>, the court noted that the Federal Circuit "has cautioned, and continues to caution, trial courts about excessive reliance on a detailed verbal description in a design infringement case." 598 F.3d 1294, 1302 (Fed. Cir. 2010) (citing <u>Egyptian Goddess, Inc. v. Swisa, Inc.</u>, 543 F.3d 665, 679 (Fed. Cir. 2008) (en banc)). According to the <u>Crocs</u> Court, "[d]esign patents are typically claimed as shown in drawings, and claim construction must be adapted to a pictorial setting." 598 F.3d at 1302 (citing <u>Contessa Food Prods., Inc. v. Conagra, Inc.</u>, 282 F.3d 1370, 1377 (Fed. Cir. 2002)). Consequently, "an illustration depicts a design better 'than it could be by any description and a description would probably not be intelligible without the illustration.'" <u>Crocs</u>, 598 F.3d at 1302-03 (quoting <u>Dobson v. Dornan</u>, 118 U.S. 10, 14 (1886)). Nevertheless, "an extensive verbal claim construction may be helpful particularly if the drawings contain features that are not part of the patented design, e.g., if the drawings contain functional features." <u>Minka Lighting, Inc. v. Craftmade Int'l, Inc.</u>, 93 Fed. Appx. 214, 216 (Fed. Cir. 2004). Additionally, "the district court has significant discretion about whether to verbally construe a claim and what level of detail to include in such a construction." <u>180s, Inc. v. Gordini U.S.A., Inc.</u>, 699 F. Supp. 2d 714, 728 (D. Md. 2010) (citing <u>Egyptian Goddess</u>, 543 F.3d at 679).

Here, the parties agree that there are some functional features. Therefore, a verbal claim construction will be helpful to the jury. W.Y. and Kari-Out are in agreement, to some extent, as to the narrative of the verbal claim construction. They both agree that W.Y.'s response to an interrogatory should be used for the claim construction. Plaintiff's proposed construction, which incorporates its response to the interrogatory, is as follows:

> The ornamental design for a rectangular stackable container, as
> shown and described in Figures 1 through 11 of the patent.

3

> The ornamental features of the patent include, among other things, the overall general appearance of the base and lid which encompasses a general rectangular shape with radiused corners and generally smooth sides on the base.
>
> Specifically to the base (Figures 7-11), the ornamental features include: radiused corners; the bottom of the base has an inner raised portion; the length, width and depth of the rim of the base with radiused corners; the placement and number of ribs; the inner flat surfaces on the three levels of the rim; and the slopes of the walls.
>
> The ornamental features of the lid (Figures 2-6) include: a rim with a lip that hangs over a corresponding rim on the base of the container; the length, width and depth of the rim; a dome with radius corners; the dome with an inner raised center with radius corners; the fill point or gate in the center of the lid is recessed; and between the rim and raised dome is a channel.

(Pl.'s Br. 16.)  This Court adopts W.Y.'s proposed claim construction.

This Court rejects Kari-Out's additional narrative describing the functional features of the patent.  In a design patent, protection is limited to the ornamental features of an article.  Lee v. Dayton-Hudson Corp., 838 F.2d 1186, 1188 (Fed. Cir. 1988).  As a result, in OddzOn Prods., Inc. v. Just Toys, Inc., the court held that "[w]here a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent." 122 F.3d 1396, 1405 (Fed. Cir. 1997); see also Richardson v. Stanley Works, Inc., 597 F.3d 1288, 1293 (Fed Cir. 2010) (stating that the district court properly factored out the functional features of the plaintiff's design as part of its claim construction).  Furthermore, the additional language proposed by Kari-Out is based on a deposition, which is considered extrinsic.  Claims are to be construed with reference to the written record of the patent, which include "the claims themselves, the written description, and the prosecution history."  Key Pharms. v. Hercon Labs. Corp., 161 F.3d 709, 716 (Fed. Cir.

1998); see also Markman, 52 F.3d at 980 ("Extrinsic evidence consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises."). Although, a court may use extrinsic evidence "for background and education on the technology implicated by the presented claim construction issues," it cannot rely on it to arrive at a claim construction. Key, 161 F.3d at 716. Consequently, this Court will not use the additional language Kari-Out proposes.

Nevertheless, during trial Kari-Out will be permitted to cross-examine and present evidence about the functional features of the design. The jury, however, will not be instructed on the functional features.

**CONCLUSION**

The Court, in accordance with the discussion above, has construed the terms of the '689 Patent.

**SO ORDERED.**

                                                                s/ Susan D. Wigenton  
                                                                **Susan D. Wigenton, U.S.D.J.**

cc: Madeline Cox Arleo, U.S.M.J.