# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

W.Y. INDUSTRIES, INC.,

    Plaintiff,                                      CIVIL ACTION NO. 08-5349(SDW)

v.

KARI-OUT CLUB, LLC, *et al.*,

    Defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW
## IN SUPPORT OF THE MOTION ON BEHALF OF ALL PARTIES
## TO SEAL CERTAIN MATERIALS RELATING TO WY'S MOTION
## FOR PARTIAL SUMMARY JUDGEMENT

### PRELIMINARY STATEMENT

Pursuant to L. Civ. R. 5.3(c), WY Industries, Inc. ("WY") and Kari-out Club, LLC, Perk-Up, Inc., and Tripak Industrial USA LLC (collectively "Kari-Out") submit*ed* proposed findings of fact and conclusions of law in support of their joint motion to seal certain pages and portions of pages of materials submitted by the parties in connection with WY's motion for partial summary judgment. *The Court having considered the parties' joint Submission makes the following:*

### (1) FINDINGS OF FACT

This is an action brought by WY against Kari-Out for patent infringement.

In connection with this action, through discovery in this case, the parties have produced confidential information, the public disclosure of which could affect legitimate business interests. To protect the confidentiality of this information, on the parties' application, the Court entered a Discovery Confidentiality Order, dated April 1, 2009 ("Confidentiality Order") (EFC No. 18).

The Confidentiality Order allows the parties to designate information as CONFIDENTAL INFORMATION or CONFIDENTIAL INFORMATION ATTORNEYS' EYES ONLY (collectively "Confidential Information"). Under terms of the Confidentiality Order, Confidential Information includes all information that the designating party believes constitutes or discloses or relates to trade secrets, processes, operations, research, technical or developmental information, or apparatus, production, marketing, sales, shipments or other proprietary data or information of commercial value to such party. The Confidentiality Order further provides that the party to whom the confidential information is disclosed shall not disclose such information except to authorized persons. The Confidentiality Order further provides that should the parties believe that there is a need to file confidential information under seal that the parties are to contact the Court.

With regard to WY's motion for partial summary judgment Kari-Out intends to file a brief and declaration with attached exhibits, portions of which contain technical or financial confidential and proprietary information of WY. The confidential information contained in the materials has been represented by the parties as not publicly available.

The particular confidential information is a settlement agreement between WY and Newspring Industrial Corp., a non party in this action and deposition testimony regarding the terms of the settlement agreement.

The materials the parties seek to seal contain competitive marketing and or financial information that is considered confidential and proprietary to WY.

WY has a legitimate interest in not publicly disclosing this information, the disclosure of which will likely result in a competitive advantage in the industry.

Should the otherwise confidential information be disclosed, WY are likely to suffer serious injury.

2

The parties have endeavored to limit the scope of materials to be filed under seal by designating only those pages or portions of pages of briefs, statements of material fact and declarations with accompanying exhibits as subject to a motion to seal. All other portions of the non-confidential information are subject to public access. There is no less restrictive alternative to insure both public access and nondisclosure of confidential information of the parties.

## (2) CONCLUSIONS OF LAW

The Third Circuit recognizes that in civil actions there exists "a common law public right to access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). This has been interpreted to grant "a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith." *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993).

The right to public access, however, is not without limitations. It "must be weighed against the litigants interests in secrecy." *Id.* at 165.

A district court is authorized to seal confidential information which may contain trade secrets or other confidential research, development, or commercial information in order to prevent harm to a party from such disclosure. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 529 F. Supp. 866, 889-91(E.D. Pa. 1981).

Indeed, in this district, the court has held that "A well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information, such as a trade secret, where there is sufficient threat of irreparable harm....The presence of trade secrets or other confidential information weights against public access and, accordingly, documents containing such information may be protected from disclosure." *In re Gapapentin Patent Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004).

3

The party seeking to seal records or proceedings bears the burden of demonstrating that "the material is the kind of information that courts will protect." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)(quoting *Publicker Indus, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984).

Where a party seeks an order to seal materials, pursuant to L. Civ. R. 5.3(c)(2), it must describe: (a)the nature of the materials or proceedings at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available.

The Court has reviewed the Declaration of Dennis F. Gleason, dated January 16, 2012 on behalf of WY submitted in support of the motion to seal certain pages and portions of pages.

As supported by the submissions of the parties, the Court concludes that they have adequately described the nature of the materials at issue as pertaining to, in the main, marketing and financial information regarding the business of WY to which the public does not have access.

As supported by the submissions of the parties, the Court concludes that they have demonstrated that the information sought be sealed is not publicly available and disclosure of its contents would harm the WY's legitimate business interests.

As supported by the submissions of the parties, the Court concludes that they have adequately demonstrated there is not a less restrictive alternative to the relief that they seek since only pages or portions of pages are sought be filed under seal.

4

In sum, the Court concludes that the parties have met their burden in demonstrating the four prongs of L. Civ. R. 5.3(c)(2).

Respectfully,

Dated: January ___, 2012

By: _____
Dennis F. Gleason
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Attorneys for WY Industries, Inc.

By: _____
        Arthur Peslak,
        Gertner Mandel & Peslak
        Attorneys for Perk-Up, Inc. and Tripak
        Industrial USA, Kari-Out Club, LLC

467578

5

Case 2:08-cv-05349-SDW -MCA   Document 92   Filed 01/20/12   Page 6 of 6 PageID: 1140

In sum, the Court concludes that the parties have met their burden in demonstrating the four prongs of L. Civ. R. 5.3(c)(2).

Respectfully,

By: _____
Dennis F. Gleason
CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700

Dated: January 19, 2012

Attorneys for WY Industries, Inc.

By: _____
Arthur Peslak,
Gertner Mandel & Peslak
Attorneys for Perk-Up, Inc. and Tripak
Industrial USA, Kari-Out Club, LLC

467578

So Ordered this _____ day
of _____, 20 _____

5