UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

W.Y. INDUSTRIES, INC.,

            Plaintiff,

            v.

KARI-OUT CLUB LLC, f/k/a KARI-OUT KLUB LLC, d/b/a KARI-OUT COMPANY, PERK-UP, INC., TRIPAK INDUSTRIAL USA LLC, JOHN DOES NUMBER 1-10, ABC COMPANIES NUMBER 1-10,

            Defendants.

Civil Action No. 08-5349 (SDW)(MCA)

**OPINION**

July 30, 2012

**WIGENTON**, District Judge.

Before the Court is W.Y. Industries, Inc.'s ("W.Y." or "Plaintiff"), Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56 ("Motion"). This Court has jurisdiction pursuant to 35 U.S.C. § 271 et seq. and 28 U.S.C. § 1338(a). Venue is proper in this District pursuant to 28 U.S.C. § 1400(b). This Motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court grants Plaintiff's Motion in part and denies it in part.

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

On October 30, 2008, W.Y. filed suit against Kari-Out Club LLC ("Kari-Out"), 52 Green Pond Road LLC, 1460 Chestnut Associates LLC,[2] Perk-Up, Inc. ("Perk-Up"), and Tripak Industrial USA LLC ("Tripak") (collectively "Defendants"). On December 9, 2008, W.Y. filed

---

[1] Portions of this Opinion's factual recitation are taken from this Court's August 25, 2011 Markman Opinion in this matter. (Docket Entry No. 84.)
[2] 52 Green Pond Road LLC and 1460 Chestnut Associates were terminated from this action on December 12, 2008.

1

an Amended Complaint ("Am. Compl.") alleging that it is the holder of No. U.S. D469689 S, "Rectangular Stackable Container" ("the '689 patent") issued on February 2, 2003. (Am. Compl. ¶ 10.)



(the '689 patent)

Plaintiff also alleged that "rectangular stackable containers which infringe the '689 Patent are offered for sale" on www.kariout.com ("the website") and that Kari-Out Company controls the website. (Id. ¶ 11.) Plaintiff further alleged that Kari-Out owns and operates the website, and that it also "manufactures and/or distributes infringing rectangular stackable containers from one or more locations in New Jersey." (Id. ¶ 12.) W.Y. also asserted that Perk-Up, which is doing business as Kari-Out, owns and/or operates the website, and also manufactures and/or distributes rectangular stackable containers which infringe the '689 Patent. (Id. ¶ 13.)

According to Plaintiff, Defendants "willfully and deliberately infringed" on the '689 patent and continue to do so even though they have knowledge of Plaintiff's rights. (Id. ¶¶ 29-30.) Consequently, W.Y. alleged that Defendants' conduct constitutes patent infringement (First Count) and willful patent infringement (Second Count). (Id. ¶¶ 19-27, 28-30.)

On January 12, 2009, Defendants filed their Answer and raised several affirmative defenses. (Defs.' Answer at 5, ¶¶ 1-6.) One of Defendants' affirmative defenses is that the '689 Patent was invalid because Plaintiff did not comply with the patentability requirements set forth in 35 U.S.C. §§ 101, 102, 103 and 112. (Id. at 5, ¶ 3.) Additionally, Defendants counterclaimed for declaratory judgment of invalidity[3] and noninfringment of the '689 patent.[4] (Id. at 7, ¶¶ 7-10.) Subsequently, on January 13, 2010, Defendants filed an Amended Counterclaim and asserted a Second Counterclaim for false marking in violation of 35 U.S.C. § 292. (Am. Countercl. ¶¶ 13-19.)

**LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law." Id. at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

---

[3] Defendants initially argued that the '689 Patent was invalid for obviousness and anticipation. However, Defendants have since abandoned the anticipation defense. (Defs.' Opp'n Br. 2.) Therefore, this Opinion will only address the obviousness defense.

[4] Defendants' first counterclaim alleges "declaratory judgment of invalidity and noninfringment of the '420 Patent. (Defs.' Countercl. at 7, ¶¶ 7-10.) This Court assumes that Defendants meant the '689 Patent, as that is the patent at issue here.

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (quoting Celotex Corp., 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." Black Car Assistance Corp. v. New Jersey, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

**DISCUSSION**

1. Invalidity of the '689 Patent

"A patent may not be obtained . . . if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103(a). An alleged infringer who raises the affirmative defense of patent invalidity "has the ultimate burden of persuasion to prove invalidity by clear and convincing evidence, as well as the initial burden of going forward with evidence to support its invalidity allegation." Titan Tire Corp. v. Case New Holland, Inc., 566 F.3d 1372, 1376 (Fed. Cir. 2009) (citing Tech. Licensing Corp. v. Videotek, Inc., 545 F.3d 1316, 1327 (Fed. Cir. 2008)). According to the Supreme Court, the obviousness inquiry requires a court to "determine whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue." KRS Int'l Co. v. Teleflex Inc., 550 U.S. 398, 418 (2007). See also Titan Tire Corp., 566 F.3d at 1380 ("[T]he ultimate inquiry [in a claim for obviousness in a design patent] is whether the claimed design would have been obvious to a designer of ordinary skill who designs articles of the type involved.") (internal quotation marks and citation omitted). "The question of what the prior art teaches is a question of fact . . . ." In re Borden, 90 F.3d 1570, 1576 (Fed. Cir. 1996) (citing In re Bell, 991 F.2d 781, 784 (Fed. Cir. 1993)).

Establishing "whether one of ordinary skill would have combined teachings of the prior art to create the same overall visual appearance as the claimed design" involves a two-step process. Apple, Inc. v. Samsung Elecs. Co., 678 F.3d 1314, 1329 (Fed. Cir. 2012) (internal quotation marks and citation omitted). First, there must be "a single reference[, the primary reference], a something in existence, the design characteristics of which are basically the same as

5

the claimed design." Durling v. Spectrum Furniture Co., 101 F.3d 100, 103 (Fed. Cir. 1996) (internal quotation marks and citation omitted). Second, "other references may be used to modify [the primary reference] to create a design that has the same overall visual appearance as the claimed design." Apple, Inc., 678 F.3d at 1329 (alterations in original) (quoting Durling, 101 F.3d at 103). The "secondary references[, however,] may only be used to modify the primary reference if they are so related [to the primary reference] that the appearance of certain ornamental features in one would suggest the application of those features to the other." Durling, 101 F.3d at 103 (alteration in original) (internal quotation marks and citation omitted). Additionally, "the teachings of prior art designs may be combined only when the designs are 'so related that the appearance of certain ornamental features in one would suggest the application of those features to the other.'" In re Borden, 90 F.3d at 1575 (emphasis added) (quoting In re Glavas, 230 F.2d 447, 450 (C.C.P.A. 1956)).

In Int'l Seaway Trading Corp. v. Walgreens Corp., the court instructed that

> [f]or design patents, the role of one skilled in the art in the obviousness context lies only in determining whether to combine earlier references to arrive at a single piece of art for comparison with the potential design or to modify a single prior art reference. Once that piece of prior art has been constructed, obviousness . . . requires application of the ordinary observer test, not the view of one skilled in the art. And . . . the ordinary observer test . . . focus[es] on the overall designs.

589 F.3d 1233, 1240-41 ( Fed. Cir. 2009) (internal quotation marks and citation omitted).

Defendants proffer Anchor Packaging container MW810PP with lid 810PP, Anchor Packaging container MW432B with lid L4005, (Peslak Decl. Exs. 1 and 2), Lawson-Mardon container, (Peslack Decl. Ex. 3), U.S. Patent D470,048, (Peslak Decl. Ex. 4), and U.S. Patent D439,159, (Peslak Decl. Ex. 5), as prior art to support their obviousness defense. (Defs.' Opp'n Br. 4.) Visual depictions of the designs Defendants rely on as prior art are presented below:



(Anchor Packaging container MW810PP with lid 810PP)



(Anchor Packaging container MW432B with lid L4005)



(Lawson-Mardon container)



(U.S. Patent D470,048)



(U.S. Patent D439,159)

W.Y. asserts that the Lawson-Mardon container, (Peslack Decl. Ex. 3), cannot serve as prior art because the document is dated March 30, 2006, the container in the document is a revised version and Defendants have not submitted any evidence demonstrating which version of the container was in the marketplace prior to the filing of the '689 patent. (Pl.'s Reply Br. 5.) Additionally, Plaintiff maintains that U.S. Patent D470,048, (Peslak Decl. Ex. 4), cannot serve as prior art because the application for that patent was filed on the same day as the application for the '689 patent. (Pl.'s Reply Br. 6.) Furthermore, W.Y. asserts that U.S. Patent D439,159, (Peslak Decl. Ex. 5), cannot serve as prior art to invalidate the '689 patent because W.Y. cited it as a reference in the '689 patent application and the PTO reviewed it and concluded that it did not preclude the issuance of the '689 patent. (Pl.'s Reply Br. 6.) For the reasons W.Y. puts forth, this Court acknowledges that the Lawson-Mardon container, U.S. Patent D470,048, and U.S. Patent D439,159 cannot serve as prior art to invalidate the '689 patent.

9

However, contrary to W.Y.'s position, this Court concludes that Defendants have demonstrated that there is a genuine issue of material fact as to whether the Anchor Packaging containers, taken together or separately, serve as prior art that creates "basically the same visual image" as the '689 patent. See Durling, 101 F.3d at 103 ("In comparing the patented design to a prior art reference, the trial judge may determine almost instinctively whether the two designs create basically the same visual impression."). This Court construed the ornamental features of the '689 patent as follows:

> The ornamental features of the patent include, among other things, the overall general appearance of the base and lid which encompasses a general rectangular shape with radiused corners and generally smooth sides on the base.
>
> Specifically to the base . . . the ornamental features include: radiused corners; the bottom of the base has an inner raised portion; the length, width and depth of the rim of the base with radiused corners; the placement and number of ribs; the inner flat surfaces on the three levels of the rim; and the slopes of the walls.
>
> The ornamental features of the lid . . . include: a rim with a lip that hangs over a corresponding rim on the base of the container; the length, width and depth of the rim; a dome with radius corners; the dome with an inner raised center with radius corners; the fill point or gate in the center of the lid is recessed; and between the rim and raised dome is a channel.

(Docket Entry No. 84 at 3-4.)

Plaintiff identifies the following differences between the Anchor Packaging containers and the '689 patent: (1) "the inner and outer walls of the [Anchor Packaging containers] are fluted" while the '689 patent has smooth walls and a sloped inner wall (Pl.'s Br. 32); (2) "[t]he rim of the base of the Anchor containers appears to have two inner flat surfaces in contrast to the '689 patent which has three inner flat surfaces" (id.); (3) "[b]oth the base and lid of three of the Anchor containers have extended tabs in at least one corner. There are no such tabs in the . . .

10

'689 patent" (id.); (4) the '689 patent's lid hangs over "the corresponding rim of the base. In contrast, the Anchor containers sit flat on the rim of the base and do not overhang" (id.); and (5) "[u]nlike the '689 patent, there are no ribs on either the base or the lid of the Anchor containers." (Id. at 33.)

In Int'l Seaway Trading Corp., the court noted that

> [a]lthough the ordinary observer test requires consideration of the design as a whole, this does not prevent the district court on summary judgment from determining that individual features of the design are insignificant from the point of view of the ordinary observer and should not be considered as part of the overall comparison. The mandated overall comparison is a comparison taking into account significant differences between the two designs, not minor or trivial differences that necessarily exist between any two designs that are not exact copies of one another.

589 F.3d at 1243 (internal citations omitted). This Court, however, concludes that it is unable to determine whether the differences in design for the '689 patent and the Anchor packaging containers are insignificant or insubstantial as a matter of law. Therefore, a genuine issue of material fact exists. See id. (holding that "[b]ecause we cannot say that these differences are insignificant as a matter of law, a genuine issue of material fact exists as to whether the designs would be viewed as substantially similar in the eyes of the ordinary observer armed with the knowledge of the prior art.").

  a. Prior Art

Plaintiff, relying on Vanguard Identification Systems, Inc. v. Bank of America, 2009 WL 2342053 (Bd. Pat. App. & Interfer. 2009), also maintains that "there is no competent primary reference upon which an obviousness finding can be based." (Pl.'s Br. 29-31.) In Vanguard, the Board of Patent Appeals (the "Board") found that the presence of a small aperture on a plastic data card had a significant effect on the card's overall appearance. 2009 WL 2342053, at *4.

The Board concluded that the primary reference presented "[did] not create basically the same visual impression as the claimed design" because the reference, unlike the patented card, did not have an aperture. Id. at *3. Therefore, it found that the primary reference was insufficient to support a claim of obviousness. Id. at *4. W.Y. maintains that the Anchor Packaging containers Defendants proffer as prior art are aesthetically different from the '689 patent in numerous and significant ways. (Pl.'s Br. 33.)

This Court is not persuaded by W.Y.'s argument because it fails to take into account the overall design of the '689 patent and the proposed prior art. As the Vanguard Court noted, "the [obviousness] inquiry should not focus on individual features" unless the individual feature "is integral to the visual impression of the claimed design." Vanguard, 2009 WL 2342053, at *4. In Vanguard, the aperture was integral to the patent at issue, in part, because it was one of only two ornamental features that affected the data card's planar surface. See id. In contrast, here, the '689 patent has many ornamental features, and it is not wholly apparent that the presence or absence of fluting, tabs, and/or ribs in the design of the Anchor Packaging containers is enough to distinguish the overall visual appearance of the '689 patent from the Anchor Packaging containers.

Additionally, in describing the design differences between the '689 patent and the MW432B container with lid L4005, Michael Lai ("Lai"), the '689 patent's co-inventor, testified[5] that although there were differences between the designs, "[t]hey [nonetheless,] look very close." (Peslak Decl. Ex. 9, Lai Dep. 228:3-7, 228:10-229:25, 230:16-22.) Similarly, when asked to describe the design differences between the MW810PP container with the lid 810PP and the '689

---

[5] W.Y., without any legal support, contends that Lai's testimony is inadmissible because it is merely his opinion. (Pl.'s Reply Br. 10.) W.Y.'s argument lacks merit. There is no legal support for W.Y.'s assertion that Lai's opinion is inadmissible. See Fed. R. Evid. 702; see also Fed. R. Evid. 704(a) ("An opinion is not objectionable just because it embraces an ultimate issue.").

patent, Lai testified that both designs "look close" and that "the radius of the ends of the [MW810PP] container and the lids are the same as are in the" '689 patent. (Id. at 225:4-11, 226:13-25.) Giving the nonmoving party the benefit of reasonable inferences, as this Court must, see Anderson, 477 U.S. at 255, this Court concludes that a genuine issue of material fact exists as to whether Defendants have provided competent prior art to support their obviousness defense.

      b. <u>Secondary Considerations</u>

W.Y. maintains that secondary considerations are also in favor of nonobviousness. (Pl.'s Br. 35.) In <u>Graham v. John Deree Co. of Kan. City</u>, the Court noted that "secondary considerations [such] as commercial success, long felt but unsolved needs, [and] failure of others . . . might be utilized . . . [a]s indicia of obviousness or nonobviousness." 383 U.S. 1, 17 (1966). <u>See also</u> <u>Richardson-Vicks Inc. v. Upjohn Co.</u>, 122 F.3d 1476, 1483 (Fed. Cir. 1997) ("Evidence of secondary considerations, including evidence of unexpected results and commercial success, are . . . part of the totality of the evidence that is used to reach the ultimate conclusion of obviousness.") (internal quotation marks and citation omitted).

Plaintiff maintains that the '689 patent has been commercially successful because Plaintiff's sales increased after the '689 patent was introduced into the marketplace. (Pl.'s Br. 35.) Additionally, W.Y. asserts that Defendants copied the '689 patent. (Id.) This Court is not persuaded by Plaintiff's argument.

    <u>In Litton Sys., Inc v. Whirlpool Corp.</u>, the court instructed that

> commercial success, while relevant as showing the nonobviousness of an invention, presents a special difficulty in a design patent case. To be of value, evidence of commercial success must clearly establish that the <u>commercial success is attributable to the design</u>, and not some other fact, such as a better recognized brand name or improved function.

728 F.2d 1423, 1443 (Fed. Cir. 1984) (emphasis added), abrogated on other grounds, 543 F.3d 665, 678-79 (Fed. Cir. 2008). Brian Buchlaski of W.Y. testified that "price and quality" are some of the factors that attracted customers to the '689 patent. (Peslak Decl. Ex. 10, Buchalski Dep. 74:9-16.) Therefore, as Defendants correctly point out, Plaintiff has not provided any evidence indicating that the increase in sales of the '689 patent was attributable to its design alone. (Defs.' Opp'n Br. 17.) See also Peterson Mfg. Co. v. Cent. Purchasing, Inc., 740 F.2d 1541, 1549 (Fed. Cir. 1984) (concluding that "the design simply does not meet the requirements . . . for [nonobviousness because] there is no evidence that the acceptance of the [patent] is due to its ornamental appearance"). Additionally, W.Y.'s assertion that the '689 patent enjoyed commercial success because Defendants copied it lacks merit. The primary issue in this case is whether Defendants copied the '689 patent. Furthermore, the fact that Defendants reviewed the '689 patent in creating their container does not necessarily mean that they copied the '689 patent. Therefore, this Court concludes that the secondary considerations do not weigh in favor of nonovbviousness of the '689 patent.

    2. Mismarking Under § 292

A private action for mismarking under this statute requires an allegation that the plaintiff "suffered a competitive injury as a result of a violation of this section." 35 U.S.C. § 292. As W.Y. correctly points out, Defendants failed to allege competitive injury. (Pl.'s Br. 36.) Defendants concede that the competitive injury requirement "precludes presentation of its [f]alse [m]arking [c]ounterclaim." (Defs.' Opp'n Br. 3.) Therefore, Plaintiff is entitled to summary judgment on this counterclaim.

**CONCLUSION**

For the reasons stated above, W.Y.'s Motion is GRANTED in part and DENIED in part.

s/ Susan D. Wigenton, U.S.D.J.

cc:      Magistrate Judge Madeline C. Arleo