UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
W.Y. INDUSTRIES, INC.,              :
                                    :
    Plaintiff,                     :
                                    :  Civ. No. 08-5349 (SDW/MCA)
    v.                              :
                                    :  **MEMORANDUM OPINION**
KARI-OUT CLUB, LLC, ET AL.,         :
                                    :  September 3, 2013
    Defendants.                     :
_____ :

**WIGENTON, U.S.D.J.:**

    This matter comes before the Court upon the motion of Plaintiff W.Y. Industries, Inc. ("W.Y.") for attorney's fees pursuant to 35 U.S.C. § 285. (Doc. No. 146). Defendants Kari-Out Club, LLC, Perk-Up, Inc., and Tripak Industrial USA LLC oppose W.Y.'s motion, which the Court has decided without oral argument pursuant to Federal Rule of Civil Procedure 78. Having done so, for the reasons that follow, W.Y.'s motion will be DENIED.

**I.    BACKGROUND**

    W.Y. filed the Complaint that gave rise to this case on October 30, 2008. (Compl.; Doc. No. 1). In that Complaint, W.Y. alleged that five named defendants infringed upon United States Patent No. D469689 S (the "'689 Patent") that was issued to W.Y. on February 4, 2003. (Id.) Based upon those allegations, the Complaint lodged the following two counts against the named defendants: (1) Patent Infringement in violation of 35 U.S.C. § 271; and (2) Willful Patent Infringement. (Id. at ¶¶ 25-36). As a remedy, the Complaint sought: (1) a damages award pursuant to 35 U.S.C. § 284; (2) the named defendants' total profits pursuant to 35 U.S.C. § 289; (3) treble damages based upon wilful infringement; (4) an award of attorney's fees and costs following an "exceptional case"

finding pursuant to 35 U.S.C. § 285; and (5) punitive and exemplary damages. (Id. at pp. 9-10). On December 9, 2008, W.Y. filed an Amended Complaint that named only Kari-Out Club, LLC, Perk-Up, Inc., and Tripak Industrial USA LLC as Defendants (hereinafter collectively "Defendants"), but made no other substantive alterations to W.Y.'s allegations. (Doc. No. 5).

On February 2, 2009, Defendants filed their Answer and lodged a Counterclaim that sought a declaratory judgment of invalidity and non-infringement of the '689 Patent. (Doc. No. 11). Thereafter, on January 13, 2010, Defendants filed an Amended Counterclaim with leave of Court that added a second Counterclaim against W.Y. for false marking under 35 U.S.C. § 292. (Doc. No. 38). Throughout the Spring and Summer of 2011, the parties completed claim construction briefing, and following a Markman hearing before the Court on July 13, 2011, the Court issued its claim construction decision on August 25, 2011. (Doc. No. 84). Following that decision, W.Y. filed a Motion for Partial Summary Judgment on November 30, 2011, and therein argued that both of Defendants' Counterclaims failed as a matter of law. (Doc. No. 39). On January 20, 2012, Defendants opposed W.Y.'s motion insofar as it sought summary judgment on the obviousness of the '689 Patent, but conceded to the dismissal of their Counterclaims of anticipation of the '689 Patent, and for false marking. (Doc. No. 93). On July 30, 2012, the Court denied W.Y.'s Motion for Partial Summary Judgment on the obviousness of the '689 Patent, and dismissed Defendants' counterclaim for patent mismarking. (Doc. Nos. 100, 101).

In October and November, 2012, the parties briefed a variety of motions in limine, which the Court decided following a hearing on December 3, 2012. (Doc. No. 130). Thereafter, a three day jury trial was held from December 4-6, 2012. (Doc. Nos. 131-133). Ultimately, the jury found that Defendants had infringed the '689 Patent, and awarded total damages in the form of a reasonable

2

royalty of $173,700.90. (Doc. No. 138). The Court issued final judgment on behalf of W.Y. in that amount on December 11, 2012. (Doc. No. 139). On March 21, 2013, the final judgment was amended to include prejudgment interest of $13,939.47, for a total of $187,640.37. (Doc. No. 168).

W.Y. filed its present Motion for Attorney's Fees on January 11, 2013. (Doc. No. 146). In support of the present Motion, W.Y. argues that an award of reasonable attorney's fees and costs is appropriate here, because the Court should find that this case is exceptional pursuant to 35 U.S.C. § 285, and relevant precedent from the United States Court of Appeals for the Federal Circuit. Defendants' filed their opposition to W.Y.'s present Motion on January 31, 2013, and W.Y. filed its reply on February 7, 2013. (Doc. Nos. 143, 156).

## II. DISCUSSION

### A. Legal Standard

Pursuant to 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Under Federal Circuit precedent, "the prevailing party may prove the existence of an exceptional case by showing: inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or wilful infringement." Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp., 267 F.3d 1370, 1380 (Fed. Cir. 2001) (citing Hoffman-La Roche, Inc. v. Invamed Inc., 213 F.3d 1359, 1365 (Fed. Cir. 2000)). Further, "[l]itigation misconduct and unprofessional behavior are relevant to the award of attorney fees, and may suffice to make a case exceptional." Talteck Ltd. V. Esquel Enterprises Ltd, 604 F.3d 1324, 1329 (Fed. Cir. 2010) (citing Sensonics, Inc. v. Aerosonic Corp., 81 F.3d 1566, 1574 (Fed. Cir. 1996)). Importantly, the prevailing party seeking a fee award under § 285 must prove that the case is exceptional by clear and convincing evidence. Evident Corp. v. Church & Dwight Co., 399 F.3d

3

1310, 1315 (Fed. Cir. 2001)). Very recently, the Federal Circuit clarified that where "litigation misconduct" is alleged, the Court need not find that the non-prevailing party acted in "bad faith" or that the litigation was "objectively baseless" to determine that a case is "exceptional" within the meaning of § 285. <u>Monolithic Power Systems, Inc. v. Asustek Computer, Inc.</u>, 2013 WL 4055141 at *6 (Fed. Cir. Aug. 13, 2013).

### B. Application

Defendants do not dispute that W.Y. is the "prevailing party" in this case. (Opp'n Br.; Doc. No. 152). Indeed, that point is not reasonably disputable given the jury's verdict, and the Court's corresponding entry of judgment for W.Y. (Doc. Nos. 138, 168). Therefore, the threshold question presented by this Motion is whether W.Y. has proven by clear and convincing evidence that this case is "exceptional" pursuant to § 285. The Court concludes that W.Y. has failed carry that high burden.

W.Y. asserts that this case is exceptional under § 285 because of Defendants' alleged "litigation misconduct". (Doc. Nos. 146, 156). To carry its elevated burden of proof, W.Y. primarily relies upon the argument that Defendants' Counterclaims were frivolous. (Mot. Br. at pp. 6-9; Reply Br. at pp. 1-4: Doc. Nos. 146, 156). Secondarily, W.Y. also purports to identify "other acts of discovery abuse" by Defendants, including the number of people Defendants' identified in their initial disclosures, and Defendants' actions surrounding the deposition of Gregory Colacitti. (Mot. Br.; Doc. No. 146). The Court concludes that these exemplars, viewed either individually or <u>en masse</u>, fall far short of comprising the "clear and convincing evidence" required to render this case exceptional under § 285. Instead, W.Y.'s present Motion is based upon nothing more than a handful of cherry-picked, decidedly unexceptional occurrences during more than four years of earnest, complex litigation.

4

The foregoing exemplars of alleged "litigation misconduct" W.Y. has identified fall into two categories: (1) tactical litigation decisions; and (2) discovery disputes. Neither render this case "exceptional" under § 285. Into the first bucket fall Defendants' tactical litigation decisions related to their two Counterclaims. Defendants' first Counterclaim that the '689 Patent was invalid cannot plausibly form a basis for "litigation misconduct" in this case, as this Court previously concluded after a detailed analysis that there was a "genuine issue of material fact" regarding the validity of the '689 Patent. (SDW Mem. Op. 7/30/12; Doc. No. 100). Similarly, Defendants' second Counterclaim for mismarking cannot form a basis for "litigation misconduct", as Defendants voluntarily abandoned that Counterclaim nearly a year before trial – an argument W.Y. does not effectively refute in its Reply Brief. Therefore, W.Y.'s primary arguments based upon Defendants' Counterclaims are unavailing.

Next, into the second category fall the discovery disputes that W.Y. has identified as "other acts of discovery abuse". Contrary to W.Y.'s assertions, the exemplars cited by W.Y. are, at most, pedestrian discovery disputes of the type concomitant with intellectual property litigation. Were disputes of that variety – i.e., the breadth of initial disclosures and disagreement about a deposition – proper grounds for finding a case exceptional under § 285, the exception envisaged by the statute and relevant Federal Circuit precedent would quickly become the rule.

Where courts have found exceptional circumstances under § 285 because of "litigation misconduct", that finding has been based upon egregious behavior and/or abusive litigation tactics. See Monolithic Power Systems, Inc., 2013 WL 4055141 at *13-14 (where the "litigation misconduct" that rendered the case exceptional under under § 285 consisted of, among other things, the defendant's sustained misrepresentation of a crucial piece of evidence, and subsequent "baseless"

5

motion practice designed to obfuscate that misrepresentation). Those circumstances are not present here.

Lastly, the Court addresses W.Y.'s allegation that Defendants have wilfully infringed the '689 Patent post-judgment. The Court concludes that this cursory allegation, made near the end of W.Y.'s moving brief and accompanied by roughly a page of argument that contains no case-law, is not a relevant consideration within the context of W.Y.'s present motion, which asks the Court to find this case exceptional under § 285 based upon Defendants' "litigation misconduct". If, however, W.Y.'s post-judgment wilful infringement allegation were relevant, the Court concludes that W.Y.'s allegations in its moving brief do not form "clear and convincing evidence" of "litigation misconduct".

### III. CONCLUSION

In sum, the Court concludes that W.Y. has failed to carry its burden and prove by clear and convincing evidence that this case is exceptional under § 285. In light of that conclusion, an award of attorney's fees and costs in this case is not appropriate, and W.Y.'s motion will be DENIED.

s/ Susan D. Wigenton<br>
**Susan D. Wigenton, U.S.D.J.**